IN THE UNITED STATES DISTRICT COURT
FOR THE MIIDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | JURY TRIAL DEMAND |
| EXIDE TECHNOLOGIES, INC. | |
| Defendant. | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Gregory Greene ("Greene"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Exide Technologies, Inc. ("Defendant") discriminated against Greene when it rescinded its offer of employment because of his disability, in violation of the ADA.

## **JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Columbus Division.  Venue is proper in this Court under 28 U.S.C. § 1391.

## **PARTIES**

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  That upon information and belief, Defendant is a foreign profit corporation with its primary place of business located in Milton, Georgia.

5. That as such, at all relevant times, Defendant has continuously been doing business in the State of Georgia and the city of Columbus, and has continuously maintained at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Greene filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

9. On June 11, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. On September 13, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since on or about May 12, 2015, Defendant has engaged in unlawful employment practices at its Columbus, Georgia facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

13. Greene is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Greene suffers from Chronic Kidney Disease which substantially limits him in major life activities, including the operations of the excretory and circulatory systems.

14. On May 5, 2015, Greene was employed by staffing agency Global Personnel Services, Inc. ("Global") and applied to work at Defendant's Columbus, GA facility, as a machine operator on a temporary assignment.

15. On May 12, 2015, Defendant selected Greene for the machine operator position and made him a conditional offer of employment. As a result, Greene went

to Defendant's site, filled out the required paperwork, took a drug test, and had a background check conducted.

16. That same day, Greene also underwent a post-offer medical examination performed by an occupational doctor from Occupational Medicine of Columbus ("occupational doctor"). Greene checked "yes" on the medical forms, indicating that he had a history of kidney disease and took medication for kidney disease. Greene also personally spoke to the occupational doctor about his medical history.

17. The occupational doctor filled out Greene's "Qualified to Work Form" for Defendant and noted that Greene was "Qualified with the following conditions: Bloodwork is pending. Has a history of kidney disease. I would [recommend] making sure kidney functions are normal ([illegible] creatinine and BUN) before hiring."

18. On May 14, 2015, Greene attended orientation for the machine operator position. While Greene was attending orientation, the occupational doctor updated his "Qualified to Work Form" with the following note, "Bloodwork results have returned. Kidneys are functioning very poorly just as this individual made us aware during his exam here on 5/12/15. Exide probably has a standard regarding the hiring of [patients] with poor kidney functioning, and I would not think this individual

would qualify." The occupational doctor forwarded this form to Defendant's Human Resources Manager ("HR Manager").

19. After receiving this form, Defendant's HR Manager, spoke to Green about his results. The HR Manager assured Greene that he would be able to start working for Defendant if he provided a note from his doctor stating that he was medically cleared to work.

20. Greene immediately called his wife and asked her to get a note from his renal care physician. An hour later, after speaking with her husband, Greene's wife went to his renal care physician's office.

21. Greene's renal care physician wrote a letter dated May 14, 2015, which stated that, there were no restrictions on Greene's ability to perform any job. The letter also invited Defendant representatives to call her with any questions or concerns.

22. Greene's wife brought the doctor's note to Greene, and he submitted it to Defendant's HR Manager before the end of his orientation on May 14, 2015.

23. In response, Defendant's HR Manager informed Greene that his doctor's note was all that she needed and assured him, "You are good."

24. At the end of his orientation, Greene believed that he had been hired, since he was given a start date and time and had been fitted for his protective

uniform, boots and respirator, had received an assigned locker, and had provided medical documentation addressing Defendant's concerns.

25. However, sometime after Greene completed orientation, Defendant's Environmental, Health, & Safety Manager ("EHS Manager") who is not a licensed medical professional, reviewed Greene's bloodwork, the occupational doctor's notes, and Greene's renal care physician's note and determined that Greene could not safely perform work for Defendant because of his kidney disease. He then informed Defendant's HR Manager about his decision to rescind Greene's offer of employment.

26. After receiving the directive to rescind Greene's offer, Defendant's HR Manager emailed Global, Greene's staffing agency, to inform Global that it was rescinding Greene's offer of employment.

27. Global, in turn contacted Greene and requested a meeting with him the next day, May 15, 2015. On May 15, 2015, a Global representative met with Greene and informed him that Defendant had rescinded its offer to hire him because of his kidney disease.

28. Despite his impairment, Greene did not pose a direct threat to his own health or safety and could safely perform all of the essential functions of the job

without an accommodation as communicated in writing to Defendant by his renal physician.

29. Moreover, Greene's assigned job duties in the machine operator position did not present a significant risk of substantial harm because Defendant has safety policies and procedures in place to minimize risk of harm to all employees.

30. Specifically, pursuant to The Occupational Safety and Health Administration ("OSHA") guidelines, Defendant requires all employees to get fitted for one of two types of respirators and/or to wear protective clothing. Defendant's Health, Safety & Environmental Department determines whether employees wear protective clothing or a respirator, or both. In addition, Defendant will require employees to wear a respirator as well as other protective personal equipment if the bloodwork of an employee, who is not otherwise required to wear a respirator, indicates increased lead level concentrations. Lastly, Defendant requires employees to shower before leaving work at the end of every shift while some employees are also required to shower during the course of their shifts.

31. Moreover, Defendant could have accommodated any perceived risk of harm by reassigning Green to a vacant position for which he was qualified not subject to lead exposure.

32. Defendant had no basis for concluding that Green posed a direct threat to his own health or safety before rescinding his offer of employment.

33. The effect of the practice(s) complained of above has been to deprive Greene of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his disability.

34. The unlawful employment practices complained of above were intentional.

35. The unlawful employment practices complained of above were done with malice or with reckless indifference to Greene's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from denying applicants employment due to their disability status, and engaging in any other employment practices that discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make Greene whole by providing appropriate back pay with pre-judgment interest, front pay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.	Order Defendant to make Greene whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.	Order Defendant to make Greene whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay punitive damages to Greene for its malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        JAMES L. LEE
        Acting General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        ANTONETTE SEWELL
        Regional Attorney

        LAKISHA DUCKETT ZIMBABWE
        Supervisory Trial Attorney

        s/Sairalina Montesino
        Sairalina Montesino
        Trial Attorney
        Georgia Bar No. 940665
        sairalina.montesino@eeoc.gov

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Atlanta District Office
        100 Alabama St., SW, Suite 4R30
        Atlanta, Georgia 30303
        (404) 562-6842    (direct)
        (404) 562-6905    (facsimile)