# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXIDE TECHNOLOGIES, INC. ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br><br> 4:18-cv-00229-CDL |

## **CONSENT PROTECTIVE ORDER**

Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and Defendant Exide Technologies, Inc. ("Defendant" or "Exide") (collectively, "the Parties"), stipulate and agree through their respective counsel, subject to approval of the Court, as follows:

1. The Parties agree that certain documents and information produced or disclosed during this litigation should be treated as "confidential," in order to prevent injury to the Parties or others through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

2. "Confidential" shall mean: (1) personal or private information which would otherwise be protected from disclosure by any regulation or statute, (2) business information of a confidential or proprietary nature, (3) information that would cause unreasonable annoyance, embarrassment or oppression, by way of example, but not limitation, discovery materials such as internal business records, medical records, employee personnel files, non-

public internal financial records; and (4) documents or information designated "confidential" by the Parties, as defined or described in Paragraph 3 below.

3. <u>Designating Documents as confidential</u>. Any party to this litigation may in good faith designate as "confidential" any discovery materials by (a) stamping or labeling the document with the word "confidential," or (b) advising the opposing party in writing at the time of production that certain documents are "confidential."

4. Documents or Information designated as "confidential" may be disclosed, shown, or made available to the following persons:

   a. the Court and Court personnel, subject to Paragraph 9 of this Order;

   b. attorneys for the Parties to this litigation, including in-house attorneys for the Parties, and including persons working in secretarial, clerical, and paralegal capacities, who are providing assistance to counsel in this action;

   c. qualified persons taking testimony involving confidential information or documents, including the necessary stenographic, videographic, and clerical personnel thereof;

   d. consultants or experts and their staff who are employed for the purposes of this litigation, provided that they shall be given a copy of this Order and shall acknowledge in writing that they have read the Order and agree to be bound by its terms; and

   e. witnesses deposed in this action or who are called as witnesses at any hearing in this action, subject to paragraph 5 of this Order.

5. <u>Designating Deposition Testimony as confidential</u>. Any party may designate deposition testimony as confidential by advising counsel of record in writing within thirty (30)

days of receipt of a copy of the transcript, or within such other time period mutually agreed-upon by the Parties. Such designation(s) must specify the pages of the transcript and/or the number of the exhibits being designated as confidential. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential, by advising all persons present at the deposition that the information is confidential and subject to this Order. If such a designation is made at a deposition, all persons present who are not parties to this action shall be given a copy of this Order and shall acknowledge on the record at the deposition that they have read the Order and agree to be bound by its terms, before the confidential information is disclosed.

6. Any confidential information disclosed during discovery is to be utilized by the receiving party only for the prosecution or defense of this litigation and for no other purpose.

7. A party's inadvertent or unintentional disclosure of any of its own confidential information shall not be construed to be a waiver, in whole or in part, of the party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information. Upon discovery of the inadvertent or unintentional disclosure of confidential information, counsel shall immediately notify counsel representing the party whose document(s) and information have been disclosed and shall immediately return all such materials. Such materials shall not be used or disclosed in any manner inconsistent with this Order.

8. In the event any party to this litigation receives a request, subpoena, or other formal or informal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, for the production or disclosure of any confidential information, that party shall provide to counsel written notice of such request, subpoena, or

demand at least ten (10) days prior to the required response to such request, subpoena, or demand. That party shall not interfere with any action the party claiming confidentiality may elect to take to protect the confidentiality of the information. Should any such request, demand, or subpoena require a response time of less than ten (10) days, the party to whom such request, demand, or subpoena is directed shall provide prompt notice to the party claiming confidentiality by email, attaching a copy of the request, demand, or subpoena.

9. Should any party desire to file confidential information with the Court, the Parties shall comply with the redaction requirements of Local Rule 5.4. Furthermore, counsel shall, prior to such filing, notify the party claiming confidentiality of the identity of the document or documents to be filed within a reasonable time prior to filing of the confidential information with the Court.

10. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. If any party to this action disagrees at any stage of the proceedings with the designation of any information as confidential, the Parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing confidentiality may apply for appropriate relief from the Court. Until such time as a Court rules that a particular document or set of documents designated as confidential are not subject to protection, the Parties shall continue to treat any such designated documents as protected under this Order. In any dispute hereunder, the party making the designation shall have the burden to prove that the designation is warranted.

11. The Parties shall have the right of "clawback" of documents covered by the attorney-client privilege, government deliberative process, or other similar evidentiary

privilege, including the work-product doctrine ("Protected Documents"), which inadvertently may be produced by one party to the other:

    a. If Protected Documents are inadvertently produced, the producing party may give written notice to the receiving party, specifically identifying the Protected Documents and asserting privilege.

    b. Within seven (7) days after receiving the written notice described in Paragraph 12(a), the receiving party shall return the Protected Documents. The receiving party retains the right to file a motion seeking a ruling from the Court that such documents are not protected.

    c. If any party receives documents from another party that appear to contain information that would make it a Protected Document, then the receiving party agrees to immediately cease its review of the Protected Document and notify the producing party. The producing party will then have ten (10) days to assert privilege, and to request return of the document.

    d. The Parties agree that the inadvertent production of Protected Documents shall not result in the waiver of any associated privilege, nor result in a subject matter waiver of any kind. The Parties agree, however, that the disclosure of any Protected Documents shall cease to be "inadvertent" if the receiving party notifies the producing party that the Protected Documents have been produced, and the producing party does not request the return of the Protected Documents within ten (10) days.

    12. This Order is binding upon the Parties hereto, their agents and employees, all counsel for the Parties and their agents and employees, and all persons to whom disclosure of

discovery materials or testimony pursuant to the terms hereof is made. This Order, insofar as it restricts the communication and use of confidential information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.

13. Upon final termination of this action, the receiving party shall assemble and return to counsel for producing party all documents and materials subject to this Order, including all copies of such documents and materials, upon request. The EEOC shall retain confidential documents for such period as required by federal regulations and agrees that only the Parties to this action shall at any time have access to confidential documents in the EEOC's possession, unless it is required to disclose such information pursuant to legal process.

14. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information, or other testimony.

15. The intent of this Order is to provide a mechanism by which the Parties may protect confidential information during the discovery process. The Parties' agreement herein does not constitute an admission that any information provided is in fact confidential, and to the extent any dispute arises over whether information is in fact confidential, the burden of proving the confidential nature of the information shall be borne by the party making the claim.

16. If any person having access to confidential information violates this Order, he or she, at the discretion of the Court, may be subject to sanctions.

17. This Order shall remain in full force and effect after termination of this action and until such time as it is modified, amended or rescinded by the Court, or until such time as the Parties may petition the Court to modify or amend its terms as the scope of discovery dictates. This Order is not intended to supplant any other agreement or legally enforceable obligation of the Parties.

IT IS SO ORDERED this 19th day of June, 2019.

S/Clay D. Land
Chief Judge
United States District Court for the
Middle District of Georgia

Respectfully submitted, this 18th day of June, 2019.

/s/ *Robyn M. Flegal*
Robyn M. Flegal
Equal Employment Opportunity Commission
100 Alabama St., SW
Suite 4R30
Atlanta, Georgia 30339
robyn.flegal@eeoc.gov
(404) 562-6882
*Attorney for Plaintiff*


*/s/ Jason R. Carruthers* (w/e/p by Robyn M. Flegal)
John Wymer
Jason R. Carruthers
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
John.Wymer@ThompsonHine.com
Jason.Carruthers@ThompsonHine.com

*Counsel for Defendant*