IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EXIDE TECHNOLOGIES, INC. ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br><br> 4:18-cv-00229-CDL |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). The Commission's Complaint alleged that Defendant Exide Technologies, Inc. ("Defendant") discriminated against Gregory Greene ("Greene") when it rescinded its offer of employment because of his disability, in violation of the ADA. Defendant, in its Answer, denied those allegations.

The Commission and the Defendant ("the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this

1

action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not engage in any employment practice that discriminates on the basis of an individual's disability within the meaning of the ADA. Further, Defendant shall not refuse to hire, discharge, or otherwise exclude or disqualify any applicant or employee with a disability from employment with Defendant based on any perceived safety risk related to the individual's disability without first (a) performing an assessment of whether the applicant or employee poses a direct threat using an assessment process and decisional criteria that comply with the ADA and (b) considering whether there are any reasonable accommodations available that could eliminate or significantly reduce any perceived safety risk to an acceptable level.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Greene the sum of forty-five thousand dollars ($45,000.00) in settlement of the claims raised in this action. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree. Defendant shall mail the check payable to Greene to an address to be provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of delivery to Greene at EEOC-ATDO-decree-monitoring@eeoc.gov. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Greene may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall remove from the personnel file and personnel records of Greene any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2015-04090, including any events that occurred in connection with this lawsuit. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report

compliance of the terms contained within this paragraph to the Commission.

      5.     Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall revise and maintain its formal, written anti-discrimination policy addressing disability discrimination under the ADA ("Policy"), to (1) affirm Defendant's duty to perform a direct-threat analysis before taking any adverse action against any applicant or employee on that basis; (2) include procedures for conducting a direct threat analysis (e.g. individualized assessments based on reasonable medical judgement); and (3) inform applicants who Defendant knows to be disabled that they may be entitled to a reasonable accommodation of their disability. Defendant shall provide each current employee in its Columbus, Georgia facility, with a copy of the Policy in hard copy or online form within the aforementioned ninety (90) day time period. In addition, Defendant shall distribute the Policy in hard copy or online form to any new employees in its Columbus, Georgia facility, within (7) days of hire. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission.

      6.     During the term of this Consent Decree or until Defendant ceases operations in its Columbus, Georgia facility (whichever comes first), Defendant shall post a copy of the Policy described in paragraph 5, *supra*, in its Columbus, Georgia facility in a place where it is visible to all employees. Upon receiving notice that the posted policy has become defaced or unreadable, Defendant shall replace it

by posting another copy of the policy. Within ninety (90) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7.   Defendant shall provide an annual training program to all of its managers, supervisors, and employees in Columbus Georgia whose job duties include: making hiring and discharge decisions; assessing whether an employee or applicant constitutes a direct threat as defined by the ADA; acting on requests for reasonable accommodations; receiving and investigating complaints of discrimination; and/or making decisions regarding preventative and corrective actions as a result of discrimination investigations. Each training program shall include an explanation of the requirements of the ADA and its prohibition against retaliation in the workplace. The training program shall also include an explanation of Defendant's Policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy. In addition, the training shall include the following:

(a)   An explanation of the employer's obligation to conduct an individualized assessment in determining whether an employee or applicant is disabled under the ADA;

(b)   A list of appropriate methods for determining whether an employee or applicant poses a direct threat as defined by the ADA; and

(c)   An explanation of the obligation to engage in the interactive process under the ADA when an employee or applicant requests a reasonable

accommodation.

The training program shall be completed within ninety (90) days after entry of this Consent Decree by the Court. At least fifteen (15) days prior to the program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within seven (7) days of submission of the agenda. Within ten (10) days after completion of the training program, Defendant shall notify the Commission that the training referenced in paragraph 7 was undertaken and provide the Commission with a roster of all employees in attendance.

8.      Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree or until Defendant ceases operation at its Columbus, Georgia facility (whichever comes first), Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in Defendant's Columbus, Georgia facility in a place where it is visible to employees. Upon receiving notice that the Employee Notice has been defaced or become unreadable, Defendant shall replace it by posting another copy of the Notice. Within thirty (30) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at four (4) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

(a) The identity of each applicant for an open and available position at the Columbus Georgia facility that Defendant is seeking to fill who, to Defendant's knowledge, has a physical or mental impairment, at the time of application, including by way of identification each person's full name, social security number last known address, and telephone number, position sought, and date of application;

(b) For each individual identified in response to 9(a) above to whom no offer of employment was made including, but not limited to, circumstances where Defendant determined that the applicant posed a direct threat as defined by the ADA, an explanation of the assessment process that Defendant used, what reasonable accommodations were identified or offered to the applicant, the date of the decision not to make an offer of employment, the full name and job title of each Defendant employee who took part in the decision, and the reason no offer of employment was made;

(c) For each individual identified in response to 9(b) above to whom no offer of employment was made because Defendant determined that the applicant posed a direct threat as defined by the ADA, explain the assessment process that Defendant used, indicate what reasonable accommodations were identified or offered to the applicant, and state what and whether an accommodation was granted to the applicant.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Columbus Georgia

facility, interview employees and examine and copy documents. The Commission shall provide Defendant with written notice at least seventy-two (72) hours prior to any inspection or interview made pursuant to this Consent Decree.

11.  If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.  The term of this Consent Decree shall be for eighteen (18) months from its entry by the Court or the closure of the Columbus, Georgia facility (whichever comes first). If Defendant's Columbus, Georgia facility closes prior to the expiration of eighteen (18) months of entry of this Consent Decree by the Court, Defendant shall provide notice to the Commission via EEOC-ATDO-decree-monitoring@eeoc.gov within ten (10) days of the closure.

14.  All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: John Wymer (john.wymer@thompsonhine.com).  If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the

Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to

> Antonette Sewell
> Regional Attorney
> Equal Employment Opportunity Commission
> 100 Alabama Street SW
> Suite 4R30
> Atlanta, GA 30303

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

|  |  |
|---|---|
| September 17, 2019 | s/Clay D. Land |
| Date | Chief Judge, U.S. District Court |
|  | Middle District of Georgia |

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **EXIDE TECHNOLOGIES, INC., Defendant** |
| | **/s/ *John F. Wymer III*** |
| JANET FAST GUSTAFSON<br>General Counsel | John F. Wymer, III<br>Ga Bar No. 779418<br>Jason R. Carruthers |
| JAMES L. LEE<br>Deputy General Counsel | Ga Bar No. 211098<br>THOMPSON HINE LLP<br>3560 Lenox Road |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Suite 1600<br>Atlanta, Georgia 30326<br>Telephone: (404) 541-2900 |
| ANTONETTE LETTMAN-SEWELL<br>Regional Attorney | Facsimile: (404) 541-2905<br>john.wymer@thompsonhine.com<br>jason.carruthers@thompsonhine.com |
| LAKISHA DUCKETT-ZIMBABWE<br>Supervisory Trial Attorney | **ATTORNEYS FOR DEFENDANT EXIDE TECHNOLOGIES, INC.** |
| **/s/ *Robyn M. Flegal*** <br>Robyn Flegal<br>Trial Attorney<br>Ga. Bar No. 599572 | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Atlanta District Office<br>100 Alabama St., SW Suite 4R30<br>Atlanta, Georgia 30303<br>Telephone: (404) 562-6882<br>Facsimile: (404) 562-6905<br>Email: robyn.flegal@eeoc.gov | |
| **ATTORNEYS FOR PLAINTIFF EEOC** | |